**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUZ FABIOLA DOMINGUEZ MARTINEZ,<br><br>                Petitioner,<br><br>        v.<br><br>ACTING WARDEN OF THE ADELANTO DETENTION CENTER, *et al.*,<br><br>                Respondents. | Case No. 5:26-cv-02635-ACCV<br><br>**ORDER GRANTING PETITION** |

## I.    RULING

Petitioner Luz Fabiola Dominguez Martinez, also known as Claudia Rodriguez Mendez, ("Petitioner") (A# 076-733-059) is an immigration detainee in custody at the Adelanto ICE Processing Center in Adelanto, California.  A national and citizen of Mexico, Petitioner was placed in withholding-only proceedings before the EOIR and has been detained since October 17, 2025.  (Dkt. 1 at 3.) Petitioner challenges her detention under the Fifth Amendment's Due Process Clause and as a violation of U.S. Immigration and Customs Enforcement ("ICE") regulations and policies.  (*Id.* at 16–20.)

For the reasons discussed below, the Court grants the Petition as to its request for an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) ("§ 1226(a)").

## II.  FACTS AND PROCEDURAL HISTORY

Petitioner is a national and citizen of Mexico who first entered the United States as a minor. (Dkt. 1 at 5.) According to Petitioner, on or around November 5, 1997, when Petitioner was a minor, she was issued an expedited removal order under 8 U.S.C. § 1235(b) in violation of the *Flores* settlement. (*Id.* citing *Flores-Chavez v. Ashcroft*, 362 F.3d 1150 (9th Cir. 2004).) Petitioner alleges that the expedited order of removal was issued under the name of Claudia Rodriguez Mendez, which is not Petitioner's real name. (*Id.* at 5–6.) Petitioner was removed on November 6, 1997, pursuant to the expedited removal order. (*Id.* at 6.)

Soon after Petitioner's removal, she re-entered the United States without authorization or permission, which she alleges was due to fear of her life and safety. (*Id.*) Petitioner alleges she has remained in the United States since her re-entry and resided in the country for the past 37 years.[1] (*Id.*)

Petitioner is a single mother of four U.S. citizen children, including the youngest child who is four years old. (*Id.*)

On October 17, 2025, while on her way to work, Petitioner alleges she was detained by Respondents when they threatened to break the window of her car if she refused to exit the vehicle. (*Id.*) According to Petitioner, at the time of her arrest, she had a valid driver's license, a valid work permit, and pending section 240 proceedings. (*Id.*)

---

[1] Respondents argue that Petitioner's claim that she "entered the United States over 37 years ago" cannot be accurate because her entry must have occurred after November 1997. (Dkt. 8 at 1.) The Court need not make any findings regarding these facts in order to address Petitioner's procedural due process claim.

When Petitioner was detained, she alleges that Respondents did not have a I-205 warrant.  After her detention, on October 22, 2025, Respondents reinstated the 1997 Order of Removal.  (*Id.*)  Because Petitioner's fear-based claim was found to be credible, she was placed in withholding-only proceedings.  (*Id.*)

On November 12, 2025, an immigration judge denied Petitioner's fear-based claim.  (*Id.*)  Petitioner appealed to the Ninth Circuit, and the Ninth Circuit issued a stay of removal, which remains in effect.  (*Id.*)

According to Petitioner, she has remained detained without an individualized hearing.  (*Id.* at 7.)  Petitioner alleges that she was not placed on an order of supervision as required by the Immigration and Nationality Act ("INA") even though her removal is not reasonably foreseeable.  (*Id.*)

Petitioner filed her Petition for Writ of Habeas Corpus ("Petition") on May 15, 2026.  (Dkt. 1.)  At the time Petitioner filed her Petition, she had been detained for more than five months.  (*Id.*)  Advancing three claims, Petitioner argues her detention violates the Fifth Amendment's substantive due process protections, the Fifth Amendment's procedural due process protections, and is unlawful under the doctrine in *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 74 S. Ct. 499, 98 L. Ed. 681 (1954), and the Administrative Procedure Act ("APA") as a violation of ICE's own regulations and agency policy.  (*Id.* at 16–20.)

Petitioner requests, *inter alia*, that the Court grant the Petition requiring Respondents release Petitioner or provide a custodial determination before a neutral decisionmaker.  (*Id.* at 20.)  Petitioner also seeks a writ of habeas corpus on the basis that her continued detention violates her due process rights and requiring her immediate release.  (*Id.*)

Respondents filed an Answer to the Petition on May 26, 2026.  (Dkt. 8.)  Respondents assert that 8 U.S.C. § 1252 preclude the relief requested by Petitioner.  (*Id.* at 2.)  Respondents also argue that Petitioner has failed to exhaust her

administrative remedies and that her detention is authorized by law and not per se punitive. (*Id.* at 5–7.)  If Petitioner is entitled to relief, Respondents argue the relief should not be release. (*Id.* at 7.)  Petitioner maintains, and Respondents appear to concede that Petitioner has not had an individualized bond hearing concerning her detention since she was detained. (Dkts. 1 at 18; 9 at 5–7; *see generally* Dkt. 8.)  In her May 29, 2026 Traverse, Petitioner argues that Respondents' jurisdictional arguments are without merit, and that Petitioner remains detained under § 1226(a). (Dkt. 9 at 2–4.)  Petitioner also argues that Respondents' failure to respond to Petitioner's Due Process claims means their opposition is forfeited. (*Id.* at 4–5.)  Petitioner contends that release is the proper remedy. (*Id.* at 5–7.)

### III.  LEGAL BACKGROUND

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that she is "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) (citing U.S. Const. art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973).  Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301, 121 S. Ct. 2271, 2280, 150 L. Ed. 2d 347 (2001).  A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal

laws.  28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687–88, 121 S. Ct. 2491, 2497, 150 L. Ed. 2d 653 (2001) (federal courts retain jurisdiction to consider habeas relief under § 2241 for noncitizens subject to detention following an order of removal).

### IV.   DISCUSSION

In this habeas action, Petitioner claims that her detention is unlawful because it violates the Fifth Amendment's substantive and procedural due process protections and unlawful under the *Accardi* doctrine and the APA as a violation of ICE's own regulations and agency policy.  (*Id.* at 16–20.)

### A.     This Court Has Jurisdiction.

As a threshold matter, the Court has jurisdiction over this action because Petitioner is not challenging her removal proceedings.  (*See* Dkts. 1 at 16–20; 9 at 3–4.)  Petitioner is instead challenging her prolonged and mandatory detention by Respondents.  (Dkts. 1 at 16–20; 9 at 3–4.)

Authority delegated to the Attorney General, such as those related to immigration proceedings, is still subject to the requirements of due process.  The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law[.]"  U.S. Const. amend. V.  Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."  *Zadvydas*, 533 U.S. at 690.  And the Supreme Court has repeatedly recognized "that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection."  *Addington v. Texas*, 441 U.S. 418, 425, 99 S. Ct. 1804, 60 L. Ed. 2d 323 (1979).

Respondents argue that 8 U.S.C. § 1252 forecloses the relief requested by Petitioner.  (Dkt. 8 at 2–5.)  Specifically, Respondents argue that § 1252(b)(9) taken in conjunction with § 1252(a)(5)—which states "a petition for review filed

with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e)"—precludes review of any removal-related activity and claims arising from deportation proceedings unless it is brought through the petition for review process in the court of appeals. (*Id.*)

Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9).

The Supreme Court, however, has held that § 1252(b)(9) does not present a jurisdictional bar in a case involving a noncitizen's challenge to his continued detention without a bond hearing pending his removal from the United States. *Jennings v. Rodriguez*, 583 U.S. 281, 291–95, 138 S. Ct. 830, 200 L. Ed. 2d 122 (2018). The Court found that such an expansive view of "arising from" would lead to "staggering results," effectively making any claims of prolonged detention unreviewable. *Id.* at 293; *see also Luciano v. Noem*, No. 5:25-CV-03156-RGK-MAA, 2025 WL 3771427, at *2 (C.D. Cal. Dec. 19, 2025). Accordingly, contrary to Respondents' contention, 8 U.S.C. § 1252 does not foreclose the relief requested by Petitioner.

Having found that this Court has jurisdiction, below, the Court addresses Petitioner's claims on the merits that she has been unlawfully detained. For the

reasons that follow, the Court concludes that Petitioner's current detention is pursuant to § 1226(a), and her prolonged detention violates her procedural due process rights.

**B.    Petitioner is Detained Pursuant to § 1226(a).**

Both parties agree that the Ninth Circuit Court of Appeals has issued a stay of removal.  (*See* Dkts. 1 at 6; 8 at 7; 9 at 4.)

The Ninth Circuit has explained that "[8 U.S.C.] § 1231(a) does not provide authority to detain [a noncitizen] whose removal order is administratively final, but whose removal has been stayed by a court of appeals pending its disposition of his petition for review." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008). Therefore, Petitioner here cannot be subject to mandatory detention under § 1231(a). *See id.* "Such aliens may be detained, however, pursuant to § 1226(a), which allows the Attorney General to detain any alien 'pending a decision on whether the alien is to be removed from the United States.'" *Prieto-Romero*, 534 F.3d at 1059 (quoting § 1226(a)).

Indeed, Respondents appear to concede that Petitioner is detained under § 1226(a) as they do not argue that Petitioner is detained under 8 U.S.C. § 1231, and argue in their Answer that "[i]f the Court is inclined to grant any relief, it should not be immediate release, but at most a Distrct [sic] Court-ordered bond hearing before an IJ.  The burden at any such hearing should be on the Petitioner like a typical **8 U.S.C. §1226(a)** bond hearing."  (Dkt. 8 at 7 (emphasis added).) Here, the Court finds that Petitioner's current detention is pursuant to § 1226(a).

**C.    Petitioner's Detention Violates Due Process.**

The Court turns to Petitioner's procedural due process claim.  For the reasons that follow, the Court concludes that Petitioner's detention violates due process and grants the Petition on this basis.

Petitioner argues that her detention since October 17, 2025, without notice or

7

any pre-detention or post-detention hearing, violates the Fifth Amendment's procedural due process protections.  (Dkts. 1 at 17–19; 9 at 4–5.)  In their response, Respondents do not address Petitioner's due process claims but instead assert that the Government has authority to detain Petitioner and her detention is not per se punitive.  (Dkt. 8 at 6–7.)  Respondents' other jurisdictional arguments have already been addressed above.

The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the deprivation "of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  The right to due process extends to noncitizens in the United States.  *See Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Wong Wing v. United States*, 163 U.S. 228, 238, 16 S. Ct. 977, 41 L. Ed. 140 (1896) ("It must be concluded that all persons within the territory of the United States are entitled to the protection guarant[e]ed by [the Fifth Amendment], and that even aliens shall not . . .  be deprived of life, liberty, or property without due process of law[.]"); *Trump v. J. G. G.*, 604 U.S. 670, 673, 145 S. Ct. 1003, 221 L. Ed. 2d 529 (2025) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (citation modified).

"A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections."  *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

1.      *Protected Liberty Interest*

It is well-established that freedom from government detention is a protected liberty interest.  *See Zadvydas*, 533 U.S. at 690.  Though the liberty interests of U.S. citizens compared to noncitizens "are not coextensive," the Fifth Amendment

nonetheless "entitles [noncitizens] to due process of law in deportation proceedings." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1205–06 (9th Cir. 2022) (quoting *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021)). Many courts in this Circuit have affirmed the principle that "even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody [he or] she has a protected liberty interest in remaining out of custody." *See, e.g.*, *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases); *Meneses v. Santacruz*, 811 F. Supp. 3d 1158, 1162 (C.D. Cal. 2025). This principle extends to those who have never been in immigration custody in the first place due to years of deliberate acquiescence by Respondents. *See, e.g.*, *Kharitonova v. Albarran*, No. 3:26-CV-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (concluding that noncitizen who overstayed nonimmigrant visa and entered removal proceedings, but was never detained, had a protected liberty interest in remaining free).

Accordingly, Petitioner who has now been detained for more than nine months—having lived in the United States for multiple decades, raising her four U.S. citizen children, and having valid work authorization—has a vested liberty interest in remaining free from detention.

### 2. *Mathews Test*

The Court applies the three-part test established in *Mathews v. Eldridge* to determine whether the government's procedures were constitutionally sufficient. 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "Due process is flexible and calls for such procedural protections as the particular situation demands." *Id.* at 334 (cleaned up).

The *Mathews* test balances three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional

or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.*

The first *Mathews* factor is Petitioner's private interest. Petitioner's interest in "freedom from prolonged detention" is "unquestionably substantial." *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). Petitioner has a substantial liberty interest in remaining out of custody after living in the United States for multiple decades, where she has built a life and raised her U.S. citizen children. (Dkt. 1 at 6.) Many decisions in this District have found similar facts to indicate substantial private interest. *See Meneses*, 811 F. Supp. at 1163 (collecting cases); *see also Padilla v. Bowen*, No. 2:25-CV-10780-CAS-SK, 2025 WL 3251368, at *6 (C.D. Cal. Nov. 21, 2025) ("That Petitioner is deprived of his right to live with his family and to work underscores Petitioner's 'weighty' liberty interest in remaining out of custody."); *Abdeltawab v. Armant*, No. EDCV 26-01520-MWF (DTB), 2026 WL 1045564, at *2 (C.D. Cal. Apr. 13, 2026) (Petitioner having spent nearly seven years out of immigration custody in the United States, living with his family, working, and building community ties is a private interest at stake.); *Antonio Vargas Cervantes*, 2026 WL 1907198, at *5. Accordingly, the Court finds that the private interest at stake is significant here, and this factor weighs in Petitioner's favor.

Second, the Court finds that the risk of erroneous deprivation of liberty is high absent the procedural safeguard of a hearing before a neutral decisionmaker. *Zadvydas*, 533 U.S. at 693–94. Here, Respondents took Petitioner into immigration custody without notice or warning while she was on her way to work. Petitioner has now been detained for more than nine months with no pre- or post-deprivation process. Accordingly, the Court finds that the risk of erroneous deprivation is high, and this factor weighs in Petitioner's favor.

Third, the Court finds that the government has a low interest in keeping Petitioner detained.  To determine the Government's interest, the Court must look at the function involved and the fiscal and administrative burdens imposed by the additional procedures.  "In immigration court, custody hearings are routine and impose a 'minimal' cost." *Singh v. Andrews*, 803 F. Supp. 3d 1035 (E.D. Cal. 2025).  Here, the Court finds that the Government's interest in detaining Petitioner without providing her with notice and a hearing is minimal.  Accordingly, the final factor also weighs in Petitioner's favor.

After considering all three *Mathews* factors, the Court concludes that Petitioner's continued detention under § 1226(a) for more than nine months, without any individualized bond hearing, violates her due process protections. Having found Respondents violated Petitioner's procedural due process rights, the Court need not address Petitioner's remaining claims.

## V.    ORDER

For the foregoing reasons, IT IS ORDERED that (1) the Petition is granted; (2) Respondents must provide Petitioner Luz Fabiola Dominguez Martinez, also known as Claudia Rodriguez Mendez, (A# 076-733-059) an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) before a neutral decisionmaker, *Lopez v. Garland*, 631 F. Supp. 3d 870, 882 (E.D. Cal. 2022) (bond hearing is appropriate remedy), consistent with applicable due process requirements, within seven (7) days or otherwise release Petitioner from custody under the same conditions that existed before Petitioner's detention; and (3) Petitioner's other claims are dismissed as moot in the Petition.

DATED: August 5, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge

11